UNITED STATES DISTRICT COURT
NROTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00202 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 34; 35] |
| v. | : | |
| | : | |
| KEVIN SIMONS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Kevin Simons requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1]  Defendant argues relief should be granted because of his health issues and the risks presented by the COVID-19 pandemic.  The Government opposes Simons' request.[2]

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[3]  The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[4]

For the following reasons, the Court **DENIES** Defendant Simons' motion for compassionate release.

I.   Background

On July 20, 2017, Defendant Simons pled guilty to bank robbery, without a written

---

[1] Docs. 34; 35.
[2] Doc. 40 (Sealed).
[3] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[4] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).

Case No. 1:17-cr-00202
GWIN, J.

plea agreement.[5] On November 14, 2017, this Court sentenced Simons to 105 months imprisonment and three years of supervised release.[6]

## II. Discussion

Simons moves for compassionate release. He says that relief should be granted because of his health issues and the risks presented by the COVID-19 pandemic.[7] Simons also recounts his rehabilitative efforts while incarcerated and says he has a reliable release plan were his sentence to be reduced.[8] The Government opposes.[9]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[10] On August 26, 2020, Simons' request for compassionate release was denied by the U.S.P. Allenwood warden.[11] Sanders satisfies the exhaustion requirement.

### B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[]."[12]

To grant compassionate release, the Court must first find "extraordinary and

---

[5] Docs. 13; 18.
[6] Doc. 26. The presentence report found Simons' sentencing guideline range to be 100 to 125 months, with a total offense level of 24 and a criminal history category VI. Doc. 21 (Sealed).
[7] Doc. 35 at 5–8.
[8] *Id.* at 8–10.
[9] Doc. 40 (Sealed).
[10] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[11] Doc. 34-1 at 1.
[12] 18 U.S.C. § 3582(c)(1)(A).

Case No. 1:17-cr-00202
GWIN, J.

compelling reasons" warranting a reduction in sentence.[13] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[14] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[15]

### a. Extraordinary and Compelling Reasons

Defendant Simons argues that his significant health issues and the risks posed by the COVID-19 pandemic constitute an extraordinary and compelling reason to reduce his sentence.[16] Specifically, Simons has been diagnosed with asthma, prediabetes, allergies, and mental health issues.[17] He also says he has recently suffered from high blood pressure and seizures, which the Bureau of Prisons has not properly diagnosed or treated.[18]

Defendant Simons' health conditions and the COVID-19 risk do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Simons has received two doses of the Moderna COVID-19 vaccine.[19] The Sixth Circuit has made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[20]

---

[13] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[14] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[15] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[16] Doc. 35 at 5–8.
[17] *Id.* at 2.
[18] *Id.* at 6.
[19] Doc. 40-1 (Sealed).
[20] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (noting that absent a shift in the scientific consensus regarding the efficacy of vaccines, "vaccination against COVID-19 would preclude the argument that a defendant's susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").

Case No. 1:17-cr-00202
GWIN, J.

Further, Simons' chronic health conditions alone, do not constitute extraordinary and compelling circumstances. His medical records indicate his conditions are chronic but stable.[21] This is not sufficient to warrant a reduction.[22]

### b. 18 U.S.C. § 3553(a) Factors

Once a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[23]

In this case, the Court has not identified any extraordinary and compelling reason warranting a sentence reduction. Even if it had, the § 3553 factors would weigh against granting the motion for compassionate release. Prior to this offense, Defendant Simons had multiple convictions including weapons violations, drug violations, and aggravated robbery.[24] A sentence reduction is not warranted.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Simons' motion for compassionate release.

IT IS SO ORDERED.

Dated: March 25, 2022          *s/ James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[21] Docs. 40-2 (Sealed); 40-3 (Sealed); 40-5 (Sealed).
[22] *United States v. Lake*, No. CR 5:16-076-DCR, 2019 WL 4143293, at *3 (E.D. Ky. Aug. 30, 2019) (finding that chronic conditions that can be managed in prison are not a sufficient basis for compassionate release).
[23] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".
[24] Doc. 20 (Sealed) at 7–18.